**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————

No. 24-2346
———————

UNITED STATES OF AMERICA

v.

CHRISTOPHER SCHROCK,
Appellant
———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:20-cr-00096-001)
District Judge:  Honorable Robert J. Colville
———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 10, 2025
———————

Before:  KRAUSE, MATEY, and PHIPPS, *Circuit Judges*

(Filed: September 19, 2025)
———————

OPINION[*]
———————

PHIPPS, *Circuit Judge*.

On February 12, 2020, while on pretrial bond for felony gun and drug charges

under Pennsylvania law,[1] Christopher Schrock, who had a prior felony conviction, was

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] *See* 18 Pa. Cons. Stat. § 6105(a)(1) (prohibiting persons convicted of certain crimes from possessing a firearm); 35 Pa. Stat. § 780-113(a)(16) (prohibiting the knowing or

arrested and found to be in possession of a firearm and ammunition. A federal grand jury indicted Schrock on one count for being a felon in knowing possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and he pleaded guilty to that charge. *Cf.* 18 U.S.C. § 3231. Through a notice of appeal, Schrock invoked this Court's appellate jurisdiction, *see* 28 U.S.C. § 1291, and now, for the first time, argues that his § 922(g)(1) conviction violates his Second Amendment rights facially and as applied.

Because Schrock failed to preserve his arguments, they are reviewed for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731–32 (1993); *United States v. Defreitas*, 29 F.4th 135, 144 (3d Cir. 2022). Under the plain-error standard, Schrock must show (i) an error; (ii) that is plain; (iii) that affected his substantial rights; and (iv) that the failure to correct that error would "seriously affect[] the fairness, integrity[,] or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)); *see also United States v. Dorsey*, 105 F.4th 526, 528, 530 (3d Cir. 2024) (applying the plain-error standard to an unpreserved Second Amendment challenge).

Schrock's facial challenge is foreclosed by precedent. A facial challenge seeks to negate every conceivable application of a statute. *See United States v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."). But this Court recognized a valid application of § 922(g)(1) in *United States v. Moore*, 111 F.4th 266 (3d Cir. 2024). *See id.* at 273. Hence, Schrock's facial challenge fails at prong one of the plain-error standard. *See generally United States v. Adair*, 38 F.4th 341, 356 (3d Cir. 2022)

---

intentional possession of a controlled substance by a person not registered under the act); 18 Pa. Cons. Stat. § 5104 (prohibiting resisting arrest).

2

(explaining that at prong one, a reviewing court "uses the standard of review that would have applied had the argument been preserved"); *United States v. Mitchell*, 652 F.3d 387, 391, 405, 415 (3d Cir. 2011) (en banc) (applying *de novo* review to a facial challenge to the constitutionality of a statute).

By contrast, no binding precedent addresses § 922(g)(1)'s application to a defendant released on bond while facing felony charges. The closest this Court has come is the *Moore* decision, which upheld a § 922(g)(1) conviction for a person on supervised release. *See Moore*, 111 F.4th at 273. Other circuits, however, have determined that our Nation's historical tradition supports disarming "criminal defendants facing serious or felony charges pending trial." *United States v. Perez-Garcia*, 96 F.4th 1166, 1184 (9th Cir. 2024); *see also United States v. Gore*, 118 F.4th 808, 815–17 (6th Cir. 2024) (holding the historical tradition of denying bail to defendants accused of serious crimes justifies disarming defendants under felony indictment for crimes "that required pretrial detention at the founding"); *United States v. Quiroz*, 125 F.4th 713, 723–25 (5th Cir. 2025) (identifying historical support for disarming criminal defendants indicted for serious offenses). Yet to prevail on prong two of the plain-error standard – plainness – the error must be "clear under current law." *Olano*, 507 U.S. at 734; *see also Puckett v. United States*, 556 U.S. 129, 135 (2009) (explaining a "legal error must be clear or obvious, rather than subject to reasonable dispute"); *United States v. Benjamin*, 711 F.3d 371, 379 (3d Cir. 2013) (considering the jurisprudence of other federal appellate courts as part of prong two of plain-error review). And it is not clear under the current law of the Supreme Court, this Court, or our sister circuits that the Second Amendment, when evaluated in light of this Nation's historical tradition, *see N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022), forecloses disarming a felon who possesses a

3

firearm while released on bond for gun and drug charges, *see Dorsey*, 105 F.4th at 530, 532 (concluding that an error is not obvious where "there can be reasonable debate as to whether the Second Amendment permits disarmament" in an as-applied challenge). Thus, Schrock's as-applied challenge fails prong two of the plain-error standard, and it is not necessary to evaluate any of the other prongs.

For these reasons, we will affirm the judgment of the District Court.